IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIMEE W., § § Plaintiff, § § v. § § KILOLO KIJAKAZI, § ACTING COMMISSIONER OF § SOCIAL SECURITY, § § Defendant. § | No. 3:20-cv-03184-K-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Aimee W.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 3). For the reasons explained below, the undersigned RECOMMENDS that the Court REVERSE the decision and REMAND the case to the Commissioner.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

**Background**

Plaintiff alleges that she is disabled due to a variety of impairments, including lupus, fibromyalgia, chronic pain, degenerative disc disease, lumbar facet syndrome, spondylosis, rheumatoid arthritis, arthritis, bipolar disorder, major depressive disorder, general anxiety disorder with insomnia, and PTSD. *See* Pl.'s Br. 17-18 (ECF No. 18); Admin. R. 206 (ECF No. 16-1). She was born in 1975 and was 42 years old at her alleged disability onset. *See* Admin. R. 173. Plaintiff has a high school education, attended beauty school and the police academy, and has past work experience as a hair stylist and cosmetic salesperson. *Id.* at 51, 84-85.

On April 3, 2018, Plaintiff applied for a period of disability and disability insurance benefits (DIB). *Id.* at 188. In her application, Plaintiff alleged disability beginning January 5, 2018. *Id.* at 20. After the Commissioner denied Plaintiff's application initially, *id.* at 115, and upon reconsideration, *id.* at 124, an administrative law judge (ALJ) held a hearing to determine Plaintiff's disability status. *Id.* at 47. The hearing took place in Dallas, Texas, on January 13, 2020. *Id.*

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to DIB. *Id.* at 17. In her decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other

substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 5, 2018, the alleged onset date. Admin. R. 22. At steps two and three, the ALJ found that Plaintiff had the severe impairments of lumbar degenerative disc disease after a lumbar fusion; left knee patellofemoral stress syndrome; carpal tunnel syndrome in the left wrist and bilateral cubital tunnel syndrome; inflammatory polyarthritis; peripheral neuropathy; chronic pain syndrome; migraines; major depressive disorder; general anxiety disorder with insomnia; and posttraumatic stress disorder (PTSD). *Id*. at 22-23. But the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id*. at 23.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following physical limitations: she can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; she cannot perform work at unprotected heights; she can perform only occasional stooping, kneeling, crouching, and crawling; she can occasionally overhead reach with the bilateral upper extremities; she can engage in infrequent, but not constant, handling, fingering, and feeling with the bilateral upper extremities; and she can have only occasional exposure to temperature extremes of heat and cold. *Id*. at 24-25. The ALJ also outlined the following mental

limitations: Plaintiff can understand, remember, and carry out simple, routine tasks; she can make simple, routine work-related decisions or judgments; she can tolerate only occasional workplace changes; and she can sustain attention for up to a two-hour block of time without requiring redirection to task and any time off task can be accommodated by normal breaks. *Id.* at 25.

At step four, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not perform her past relevant work. *Id.* at 31. At step five, the ALJ utilized VE testimony to determine that Plaintiff can perform the jobs of document preparer, addresser, and telephone quotation clerk, and that those jobs are available in substantial number in the national economy. *Id.* at 32-33.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 6-9. The Council denied review. *Id.* at 6. Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled. Specifically, Plaintiff argues that the Appeals Council failed to consider newly-proffered evidence regarding Plaintiff's disability and that the ALJ relied on her own lay opinion in determining Plaintiff's RFC. Pl.'s Br. 14, 22.

## Legal Standard

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It

4

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Among Plaintiff's arguments is a single ground that compels remand—that the Appeals Council failed to properly consider new medical opinion evidence from Plaintiff's treating physician, Dr. Taylor Herzog.

The ALJ issued her written decision on April 17, 2020, finding that Plaintiff was "not under a disability" at any point between February 8, 2018, and the date of the decision. Admin. R. 51. On July 6, 2020, Dr. Herzog completed a questionnaire opining on the extent of Plaintiff's limitations. *Id.* at 11-12. According to Dr. Herzog, Plaintiff's mental impairments have resulted in a "substantial loss" of Plaintiff's "ability to cope with usual work stresses and changes in a routine work setting." *Id.* Dr. Hertzog's opinions thus contradict the ALJ's

RFC, which does not contain any limitations regarding workplace stresses and states that Plaintiff can tolerate "occasional workplace changes." *Id.* at 24-25.

Plaintiff submitted Dr. Herzog's RFC questionnaire to the Appeals Council on July 10, 2020. *Id.* at 290-93. In denying Plaintiff's request for review, the Appeals Council stated "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 17, 2020." *Id.* at 7. The Appeals Council advised Plaintiff that "[i]f you want us to consider whether you were disabled after April 17, 2020, you need to apply again." *Id.* Plaintiff contends the Appeals Council erred in failing to consider Dr, Herzog's additional medical opinion or reconcile that opinion with the ALJ's decision. Plaintiff further argues that the new evidence dilutes the record to such an extent that remand is required.

When a claimant submits new and material evidence that relates to the period before the date of the ALJ's decision, the Appeals Council must consider the evidence in deciding whether to grant a request for review. 20 C.F.R. § 404.970(b). Newly submitted evidence is material only if (1) it relates to the period for which the disability benefits were denied; and (2) there is a reasonable possibility that it would have changed the outcome of the disability determination. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *see also King v. Colvin*, 2013 WL 6162965, at *3 (N.D. Tex. Nov. 22, 2013) (Horan, J.) (observing that while numerous cases erroneously use the term "reasonable probability," the materiality standard is one of reasonable "possibility" rather than "probability"). Only

6

evidence which relates to the period for which benefits were denied can be material. *Thomas v. Colvin*, 587 F. App'x 162, 165 (5th Cir. 2014) (per curiam). Evidence of a later-acquired disability or of the subsequent deterioration of a previously nondisabling condition is not material. *Id.*

New evidence submitted to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham v. Barnhart*, 163 F. App'x 279, 337 (5th Cir. 2006). The district court must examine all the evidence, including the new evidence, to determine whether the Commissioner's final decision to deny a claim is supported by substantial evidence. *Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015). The court should remand the case only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes unsupported. *Higginbotham*, 405 F.3d at 281-82. However, "[a]though '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for denying review,' in some instances remand [is] necessary if it is unclear whether the [Appeals Council] evaluated the new evidence" at all. *Nejmeh v. Colvin*, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (Means, J.) (citing *Sun*, 793 F.3d at 512).

The Commissioner disputes that remand is required and argues Dr. Herzog's medical opinion was not material because it post-dates the ALJ's decision and the relevant period for Plaintiff's disability claim. Def.'s Br. 3-4 (ECF No. 21). However, the date that Dr. Herzog articulated his opinion is not determinative, by itself, of materiality. The phrase "relates to," as used in the Social Security regulations, is

7

purposefully broad and not restricted merely to records or reports dated on or before the ALJ's decision. *See Johnson v. Berryhill*, 2017 WL 2964882, at *6 (N.D. Tex. June 26, 2017) (Frost, J.), *rec. adopted*, 2017 WL 2954914 (N.D. Tex. July 11, 2017).

Based on a careful review of Dr. Herzog's questionnaire and in view of the record as a whole, it is plain that his medical opinion relates to the period between January 5, 2018, Plaintiff's alleged onset date, and April 17, 2020, the date of the ALJ's written decision. Critically, in his report, Dr. Herzog asserts that Plaintiff has suffered from the identified limitations since at least six months before he began treating her in January 2020. *See* Admin. R. 12, 911-15 (answering "yes" to the question "Would it be reasonable to medically infer the limitations assessed in this form existed to the degree indicated above at least six months before you began treating this patient?"). Dr. Herzog's opinion also pertains to the same impairments that Plaintiff claimed were disabling prior to the ALJ's decision. Moreover, there is no indication in the record that Dr. Herzog's opinions were the result of any sudden change in Plaintiff's condition or that an intervening event worsened her condition. Courts may reasonably infer that a medical report relates to the proper period when "there is no indication that plaintiff's condition deteriorated during the intervening period." *Johnson*, 2017 WL 2964882, at *7 (quoting *Bailey v. Astrue*, 2010 WL 452122, at *4 (W.D. La. Feb. 8, 2010)). Accordingly, Dr. Herzog's opinion is material because it relates to the period for which disability benefits were denied.

Dr. Herzog's answers to the Questionnaire are especially significant because they represent the opinion of a treating physician that details Plaintiff's work-related abilities. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003). And this opinion directly conflicts with the ALJ's RFC assessment. Given the significance of Dr. Herzog's opinion on matters directly related to the ALJ's denial of benefits, the evidence provides a reasonable possibility that it would have changed the Commissioner's decision. This evidence is thus material in that there is a "'reasonable possibility that it would have changed the outcome of the [Commissioner's] determination.'" *Latham*, 36 F.3d at 483 (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)).

And ultimately, despite the significance of Dr. Herzog's medical opinion, "no fact finder has attempted to reconcile" it with the ALJ's findings. *See Nejmeh*, 2016 WL 642518, at *3. The Court may not evaluate Dr. Herzog's assessment or determine the weight his opinion should be afforded in the first instance. Those matters lie exclusively with the Commissioner. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[T]he reviewing court . . . must judge the propriety of [administrative] action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). Moreover, as noted above, while the Appeals Council does not need to provide a discussion of new evidence, "in some instances remand [may] be necessary if it is unclear whether the [Appeals Council] evaluated the new

evidence." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 512). This is such an instance. Because the Appeals Council did not discuss the new evidence, other than by listing the opinion in an exhibit, it is not clear to the Court whether the Appeals Council evaluated the conflicts the Court has identified. After considering the entire record, the Court is not able to conclude that substantial evidence supports the final decision of the Commissioner. Although it may ultimately be determined after remand that the decision was correct, the new medical opinion is significant and casts doubt on the denial of Plaintiff's benefits. Therefore, this case should be remanded for further administrative review. *See id*. at *3. (declining to accept magistrate judge's recommendation to affirm final decision of Commissioner where the district court was unable to determine whether the appeals council evaluated the new evidence).

Finally, Plaintiff also argues the ALJ relied on her own lay opinion in determining Plaintiff's RFC. *See generally* Pl.'s Brief 22-35. The Court pretermits consideration of this argument because the Court finds that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence.

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the

Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** August 18, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).